IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VARUN TURLAPATI, JOHANA CAROLINA MARISOL VEGA LEONEL AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM;<br><br>Plaintiff,<br><br>V.<br><br>BOCETO 20, LLC; PEDRO O. LÓPEZ MONTESINOS, JANE DOE AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM; ADRÍAN DEL MORAL BALLESTEROS, MARY DOE AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM<br><br>Defendants. | CIVIL NO.<br><br>Jury Trial Demanded |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW the Plaintiff, Varun Turlapati ("Mr. Turlapati" or "Plaintiff Turlapati") Johana Carolina Marisol Vega Leonel ("Plaintiff Vega" or "Mrs. Vega") And The Conjugal Partnership Constituted By Them, through the undersigned attorneys and respectfully alleges and prays as follows:

**I. JURISDICTION AND VENUE**

1.   The jurisdiction in this case is founded pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiffs, residents of California, United States, and Defendants, residents of Puerto Rico. Furthermore, the amount in controversy in the Complaint exclusive of interests and costs exceeds seventy-five thousand dollars ($75,000.00).

1

2. Venue of this action in this district is proper pursuant to 28 U.S.C. Sec. 1391, since the event occurred in Puerto Rico and the parties agreed that the venue had to be in Puerto Rico.

## II. REQUEST FOR JURY TRIAL

3. Plaintiffs request trial by jury.

## III. PARTIES

4. Plaintiff, Varun Turlapati ("Mr. Turlapati" or "Plaintiff Turlapati") Johana Carolina Marisol Vega Leonel ("Plaintiff Vega" or "Mrs. Vega") and The Conjugal Partnership Constituted by Them, are of legal age, married and residents of 16093 Mills Ave., San Lorenzo, CA 94580.

5. Defendant, Boceto 20, LLC ("Boceto 20") upon information and belief is a corporation duly registered and authorized to do business in Puerto Rico with the address 111 Las Palmas Ave., Manati, PR, 00674. Mr. Pedro O. López Montesinos is the resident agent and President and Mr. Adrián del Morán is the Vice-President.

6. Defendant, Pedro O. López Montesinos ("Mr. López") upon information and belief is the president and co-founder of Boceto 20. His only known address is 111 Las Palmas Ave., Manati, PR, 00674. Upon information and belief, Mr. López is legally married with Jane Doe. Their conjugal partnership is included.

7. Defendant, Adrián Del Moral Ballesteros ("Mr. Del Moral") upon information and belief is the vice-president and co-founder of Boceto 20. His only known address is 111 Las Palmas Ave., Manati, PR, 00674. Upon information and belief, Mr. López is legally married with Mary Doe. Their conjugal partnership is included.

## IV. STATEMENT OF CLAIMS

8. Boceto 20 is startup company dedicated to the investment of money in the United State Stock Market.

9. Mr. López and Mr. Del Moral are the founders of Boceto 20. Both are in charge of managing the investment fund of Boceto 20.

10. In April 2021, Mr. Turlapati after earning a considerable amount of money (earnings from employment) and because Mr. López was Mrs. Vega's dear friend, he decided to invest in Boceto 20.

11. For that reason, on April 12, 2021 Mr. Turlapati signed an Investment Agreement with Boceto 20.

12. As per Article V of the Investment Agreement, parties agreed the following:

> a) The entire Investment Amount shall immediately become due and payable, and the Investor shall have the right to recall the entire Investment.
> b) Investor shall be entitled to proceed against and take any action against the Company and / or the officer(s) to realize the Investment Amount.
> c) In addition to the rights specified in this Agreement, the Investor shall be entitled to take all or any action with or without intervention of the Courts to recover the monies due and payable by the Company under this Agreement.
> d) Notwithstanding any other rights available to the Investor under this Agreement, the Investor shall be entitled to initiate criminal proceeding or any other appropriate actions against the Company and /or the officer(s) if at any time the Investor at its sole discretion has sufficient grounds to believe that the Company and /or the officer(s) has / have made any misrepresentations and / or submitted any forged documents or signature or fabricated data to the Investor.
> e) All rights and powers conferred on the Investor under this Agreement shall be in addition and supplemental to any rights the Investor has as a secured creditor against the Company under any law for the time being in force and security documents and shall not be in derogation thereof.

13. Also, in Article VI of the Investment Agreement, parties stipulated that: "Company hereby acknowledges and guarantees that (i) Investment made by investor is 100% secure; and (ii) Company will reimburse or refund the Investor in case of any losses or damages to her investment during the investment period".

14. As part of the agreement, Mr. Turlapati invested the amount of $100,000.00.

15. Mr. López explained that the general idea was that it was practically like a business loan, where an invested amount will get some interest because the invested amount would be added to an investment fund that would then be deployed into various strategies depending on the time of the year, month, day or special market conditions, quarterly reports of companies, sympathetic stocks and movements.

16. Mr. López promised Mr. Turlapati a rate of 15% per annum on the amount of $100,000.

17. Additionally, per the agreement, in case of loss or default, the original investment amount together with the return of investment will be paid back to Mr. Turlapati.

18. In addition, Mr. Turlapati had the right to withdraw the deposits after the twelve (12) months elapsed.

19. The contract was for a year, after which, the renewals would also be done on a year-to-year basis.

20. Further, the parties agreed that agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Puerto Rico.

21. Subsequently, Mr. López made the impression that everything was going fine and occasional sent screenshots of how much money he made in a day, occasionally he would see $3,000.00 at the end of the day.

22. Mr. López told Mr. Turlapati that he was looking for more capital because day trading tends to be capital intensive and so having a smaller operating fund prevents him from executing strategies with a high upside potential.

23. Afterwards, Mr. Turlapati made two (2) more short-term investments, one around July 2022 of $200,000.00, and the other in July 2023 of $30,000.00.

24. This took the total invested principal to the amount of $330,000.00.

25. Mr. Turlapati signed another Investment Agreement for those additional investments.

26. The contract promised 7% per month return on these investments that was due to be paid quarterly.

27. However, in a visit made by Mr. Turlapati to Puerto Rico, Mr. López confessed that he miscalculated his trading days and that 5% per month would be more realistic of a return on investment.

28. After six (6) months of the signing of the agreement Boceto 20 did not pay the agreed returns.

29. In the following six (6) months Mr. Turlapati rarely received the agreed returns.

30. When Mr. Turlapati asked Mr. López about it, he said that that he had some investors pull out of his company and so he had to used money of the company operations to pay those investors.

31. Because of this, Boceto 20 suspended the payments of the returns temporarily.

32. In August 2023, Mr. Turlapati contacted Mr. López in order to express his intent of withdrawing his short-term investments of $200,000.00 and $30,000.00 because he needed the money to comply with a payment intended to the Internal Revenue Service ("IRS").

33. However, because of his personal relationship with Mr. López, Mr. Turlapati told him that he would leave the long-term investment of $100,000.00 in the company.

34. Thereafter, Mr. Turlapati did not hear from Mr. López nor from another Boceto 20 representative, and did not receive any payment for the returns nor the $230,000.00 corresponding to the short-term investments Mr. Turlapati requested back.

35. For the following months Mr. Turlapati kept requesting information about his invested money.

36. Mr. López replied stating that Boceto 20 had bad trades and that the company was losing money.

37. Mr. López and Mr. Del Moral misrepresented that the investment would produce a 15% return when that was false.

38. Mr. López and Mr. Del Moral misguided Mr. Turlapati into continue investing in Boceto 20, although they knew it cannot comply with the expected returns of the investments.

39. Mr. López and Mr. Del Moral use Boceto 20 for personal gains rather than for the benefit of Boceto 20 investors.

40. To this date Mr. López has not mentioned anything about the whereabouts of the $330,000.00 that Mr. Turlapati invested.

41. Nor Boceto 20 has returned the $330,000.00 Mr. Turlapati invested.

42. Upon information the total amount of Boceto 20 fund is now a roughly $55,000.00.

43. Also, Mr. Turlapati has not received any payments for returns in an approximately a year.

44. All this situation has affected and impacted deeply Mr. Turlapati economically and emotionally. Plaintiffs are directly under the threat of Federal Tax liens as a result of Defendants' breach of contract.

45. This caused Mr. Turlapati a lot of anxiety and triggered a depression attack.

46. The money invested by Mr. Turlapati was intended for his wife and his retirement.

## V. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION: BREACH OF CONTRACT AND COLLECTION OF MONIES

47. The foregoing paragraphs are repeated and realleged herein.

48. Under Puerto Rico law, a claim for breach of contract has three elements: (1) a valid contract; (2) a breach by one of the parties to the contract; and (3) resulting damages. P.R. LAWS ANN. tit. 31, § 3018 ("Those who in fulfilling their obligations are guilty of fraud, negligence or delay, and those who in any manner whatsoever at in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby."); *Mega Mega Holdings, Inc. v. Aerco Broad. Corp.*, 852 F. Supp. 2d 189, 199-200 (D.P.R. 2012) (citations omitted).

49. According to Art. V of the Investment Agreement, Plaintiff Turlapati is entitled to "proceed against and take any action against the Company and/or the officers to realize the Investment Amount.

50. Both Defendants Del Morán and López are Boceto's officials.

51. Both are in charge of managing the investment fund of Boceto 20.

52. Mr. López and Mr. Del Moral misrepresented that the Mr. Turlapati's investment would produce a 15% return when that was false.

53. Proof of that is Mr. López' admission that he miscalculated his trading days for the short-term investments.

54. Both Mr. López and Mr. Del Moral misguided Mr. Turlapati into continue investing in Boceto 20, although they knew, no defendant could not comply with the agreed returns of the investments.

55. Further, neither Mr. López nor Mr. Del Moral have provided a detail response as to

7

the whereabouts of Mr. Turlapati's invested money.

56. Defendants Boceto 20, Del Morán and López are in breach and default with the terms of the investment agreements since they have failed to timely make payment for returns in more than a year and has not returned the amount Mr. Turlapati invested per his request.

57. Additionally, Boceto 20 has suffered loss in its investments which gives Mr. Turlapati the right to recover the amounts he invested and the returns he was going to receive.

58. Further, Plaintiffs have the right to be indemnified for the losses and damages caused by Boceto 20, Del Morán and López' breach.

59. The damages Plaintiffs have suffered are economical and emotional, and include, but are limited to: losses in his retirement account, had to cancel trips to visit his family in India, had to incur in several costs to try to recover his investments, anxiety, depression, sense of despair, among others.

60. To this date neither Mr. López nor Mr. Del Morán have not mentioned anything about the whereabouts of the $330,000.00 that Mr. Turlapati invested nor he has received any payment.

61. The efforts made by Mr. Turlapati to recover his investment have resulted to no avail, and this obstinate conduct by Boceto 20, Del Morán and López forced Plaintiffs to file judicial complaint to recover payment.

62. Therefore, Plaintiffs are entitled to recover the $330,000.00 they invested and any return that was due from Boceto 20, Del Morán and López. Defendants are liable jointly and severally.

63. In view of defendants' gross negligence, mismanagement of Plaintiff's investments and their misrepresentations, Plaintiffs' are entitled also to an amount not less than $300,000.00

for the economical and emotional damages they have suffered as a result of Boceto 20, Del Morán and López, their respective wives and conjugal partnerships, breach of the investment agreements.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to enter a judgment in their favor and against the Defendants, jointly and severally, awarding the amounts set forth above, plus costs, attorney's fees and any other relief that may be deemed just and appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this April 2, 2024.

**BELLVER ESPINOSA LAW FIRM**
Condominio El Centro I, Suite 801
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel.: (787) 946-5268

*s/Alejandro Bellver Espinosa*
Alejandro Bellver Espinosa, *Esq.*
USDC-PR No. 225708
alejandro@bellverlaw.com

*s/Gerardo M. Ortiz Torres*
Gerardo M. Ortiz Torres, *Esq.*
USDC-PR No. 309303
gerardo@bellverlaw.com